IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRADLEY RELIFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 13-CV-00353 <br> ) JURY DEMANDED |
| WESTERN FUNDING, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT WESTERN FUNDING, INC.'S ANSWER TO COMPLAINT**

Defendant, Western Funding, Inc. ("Defendant" or "Western Funding"), responds to the Complaint in the above-referenced action, as follows:

**I.  PARTIES, JURISDICTION, AND VENUE**

1. The allegations in this paragraph are admitted, upon information and belief.

2. Admitted.

3. Defendant admits that jurisdiction and venue are proper in this Court.

**II.  FACTUAL BASES FOR SUIT**

4. Admitted.

5. Defendant admits that an e-mail was sent by Plaintiff as indicated. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff wrote the email.

6. Defendant admits that Brian Beavan filed a charge of discrimination with the Equal Opportunity Employment Commission with a signature dated February 15, 2013, but

which was stamped February 21, 2013.  Defendant admits that Beavan referred to his termination on January 24, 2013 in his charge.

7. Denied.

8. Denied.

9. Denied.

10. Defendant admits that Mr. Frontiera asked Mr. Reliford to assist in preparing a statement regarding the circumstances surrounding the termination of Mr. Beavan's employment, for internal documentation purposes. Defendant does not currently possess sufficient information to admit or deny whether Mr. Frontiera sent a proposed statement to Mr. Reliford and demands strict proof of same.  Any allegations in this paragraph inconsistent with the foregoing are denied.

11. Defendant does not currently possess sufficient information to admit or deny the specific allegations in the subparts of this paragraph but denies making any misrepresentations regarding the facts surrounding Mr. Beavan's termination.

12. To the extent that this paragraph alleges that Plaintiff was requested to participate in making a false statement to a governmental agency charged with investigating complaints of discrimination under state and federal laws, Defendant denies such allegations.

13. Admitted.

14. Defendants admit that on or about March 8, 2013, Frontiera telephoned Plaintiff and stated that Plaintiff's employment was being terminated.  Defendants deny all remaining allegations of this paragraph.

15. Defendant admits that Brian Beavan applied for unemployment benefits through the Tennessee Department of Labor and Workforce Development after Plaintiff's termination.

2

Case 3:13-cv-00353   Document 12   Filed 05/23/13   Page 2 of 6 PageID #: 36

16. Denied.

    A. Defendant admits that it opened the email of January 24, 2013, sent by Bradley Reliford at 11:33 a.m. through Microsoft Outlook;

    B. Denied;

    C. Defendant admits that, upon discussion with Plaintiff regarding the reasons for Beavan's termination, the reasons stated on the email sent at 11:33 were edited to reflect Plaintiff's statements.

17. Defendant admits that the edited e-mail was sent as available documentation of the circumstances surrounding Mr. Beavan's termination, in response to a request from the state agency. The remainder of the allegations in this paragraph are denied.

18. Defendant admits that Plaintiff did not write all portions of Exhibit B, but denies that he did not write any of the text.

19. Defendant admits that Exhibit B to the Complaint is an email edited by Joe Frontiera, human resources manager, to reflect his conversation with Plaintiff regarding the termination of Beavan's employment.

20. Defendant admits that a hearing regarding Beavan's appeal of the denial of his unemployment benefits occurred on April 5, 2013.

21. Defendant admits that Joe Frontiera referenced Exhibit B in the unemployment hearing as documentation of the reasons for the termination of Beavan's employment. To the extent that this paragraph alleges that Defendant "falsified" documents, or that the content of the e-mail is not true and correct, Defendant denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this paragraph. Defendant is without

knowledge or information sufficient to form a belief as to Plaintiff's alleged distress and worry. To the extent that Plaintiff alleges that Defendant's actions constituted a misappropriation of his name or likeness or an invasion of his privacy, such allegations are denied. To the extent that Plaintiff alleges that Defendant intentionally or purposefully retaliated against Plaintiff or that Plaintiff is entitled to punitive damages, such allegations are denied.

## III.    LEGAL CAUSES OF ACTION

23.    This paragraph does not require a response.

24.    This paragraph does not require a response.

Defendant denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Petition, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

2.    Plaintiff has failed to exhaust all administrative remedies, and some or all of his claims are therefore barred.

3.    Defendant at all times acted in good faith and with reasonable grounds to believe that the acts or omissions challenged by Plaintiff were not in violation of the law.

4.    Plaintiff is not entitled to relief because Plaintiff acted and reacted to the matters alleged in his Complaint with unclean hands.

## RIGHT TO AMEND

1.    Defendant may have other separate and additional defenses of which it is not presently aware and reserves the right to amend this Answer to such defenses as they become apparent.

WHEREFORE, the answering Defendant prays for judgment in its favor as follows:

1. That this cause be dismissed, with prejudice to the re-filing of the same;

2. That Plaintiff takes nothing by reason of his Petition;

3. For attorneys' fees;

4. For costs of suit therein; and

5. For such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/Sara Anne T. Quinn
Kara E. Shea, BPR #18221
Sara Anne T. Quinn, BPR #29424
BUTLER, SNOW, O'MARA, STEVENS
 & CANNADA, PLLC
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Kara.shea@butlersnow.com
Saraanne.quinn@butlersnow.com
Phone: (615) 651-6712

*Attorneys for Defendant Western Funding, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing has been served via U.S. District Court ECF System upon:


Justin S. Gilbert
Jonathan L. Bobbitt
Jessica F. Salonus
101 North Highland Avenue
Jackson, Tennessee 38301
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

*Attorneys for Plaintiff*

on this the 23rd day of May, 2013.


      /s/Sara Anne T. Quinn
      Sara Anne T. Quinn